LEWIS BRISBOIS BISGAARD & SMITH LLP
Michael N. Giacopelli, Esq. ID #01355-2008
77 Water Street, Ste. 2100
New York, New York 10005
T: 212-232-1300
F: 212-232-1399
*Attorneys for Defendant*
HOME DEPOT U.S.A., INC., improperly pled as ("THE HOME DEPOT, INC.")

| | |
|---|---|
| DANIEL FAINMAN,<br><br>       Plaintiff,<br><br>vs.<br><br>THE HOME DEPOT, INC. and JOHN DOES "A"-"C",<br><br>       Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civ. Case No. _____<br><br>**PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §1446(a) DIVERSITY** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT**:

**WITH NOTICE TO:**

Joseph Rakofsky, Esq. (034462009)
P.O. Box 32250
Newark, New Jersey 07102
888-977-0090 (T)
888-977-4711 (F)
*Attorneys for Plaintiff*

  **PLEASE TAKE NOTICE** that Defendant HOME DEPOT U.S.A., INC. ("HOME DEPOT") (i/s/h/a "THE HOME DEPOT, INC."), hereby submits this Petition for Removal in accordance with 28 U.S.C. §1446 and respectfully represent as follows:

### PLAINTIFF' COMPLAINT AND NATURE OF THE ACTION

  1. This action was commenced against HOME DEPOT in the Superior Court of New Jersey, Cumberland County under Docket No.: CUM-L-281-20, and was filed with the Court on

May 5, 2020. Pursuant to 28 U.S.C. §1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit "A."**

2. In his Complaint, Plaintiff alleges personal injury due to Defendant's negligence, which Plaintiff alleges caused an incident that occurred on April 28, 2020 in front of Plaintiff's home. **Exhibit "A"**.

## DIVERSITY JURISDICTION IS PROPER

3. No further proceedings have been had in the Superior Court of New Jersey, Cumberland County, as of the date of the filing of this Petition for Removal.

4. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332. The Complaint alleges a matter in controversy, which, if liability is established, is reasonably probable to exceed the sum or value of $75,000, exclusive of interest and costs and complete diversity of citizenship exists between Plaintiff and Defendant HOME DEPOT.

## DIVERSITY EXISTS

5. This firm represents Defendant HOME DEPOT U.S.A., INC.

6. Defendant seeks removal of this action pursuant to 28 U.S.C. §1446 and 28 U.S.C §1332, which permits removal of causes of action based upon diversity of citizenship of the parties.

7. At the time that this was filed, Defendant HOME DEPOT U.S.A., INC., was and still is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 2455 Paces Ferry Road SW, Atlanta, Georgia.

8. Pursuant to 28 U.S.C. §1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, based upon the above, HOME DEPOT U.S.A., INC. is not a citizen of the State of New Jersey.

4834-5645-7407.1

9. The Plaintiffs, in the Complaint, allege to be a citizens of the State of New Jersey with Plaintiff Daniel Fainman having a residence in Monmouth County and Plaintiff 114 W. Broad St. 08332, LLC having a residence in Cumberland County. **Exhibit "A."**

10. The "John Doe 'A'-'C'" defendants do not affect diversity under 28 U.S.C. §1441, which provides: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [28 U.S.C. § 1332(a)], *the citizenship of defendants sued under fictitious names shall be disregarded.*" 28 U.S.C. §1441(b)(1) (Emphasis added). "[T]here is no doubt that in determining whether there is complete diversity of citizenship we disregard the John Doe and Jane Doe defendants inasmuch as 28 U.S.C. §1441(a) provides that for purposes of removal 'the citizenship of defendants sued under fictitious names shall be disregarded.'" Brooks v. Purcell, 57 Fed. Appx. 47, 50 (3d Cir. 2002); see also Gilbert v. Stepan Co., 24 F.Supp.2d 325, 330 (D.N.J. 1998).

11. There is complete diversity of citizenship between the parties to this action.

12. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

13. It is reasonably probable that Plaintiffs seek recovery for an amount in excess of $75,000, exclusive of interest and costs. Plaintiffs' Complaint cannot state the amount of damages Plaintiffs deem themselves entitled to. N.J. Ct. R. 4:5-2.

14. Correspondence from Plaintiffs' counsel, received on June 4, 2020, confirmed that a demand of $10,000,000.00 was conveyed on May 17, 2020 to resolve the claim, and $10,000,000 "remains [the Plaintiffs'] demand." **Exhibit B.** This demand exceeds the $75,000.00 threshold, exclusive of interest, costs and attorneys' fees.

15. Since it was not facially apparent from the Plaintiffs' complaint whether the amount in controversy exceeded the $75,000.00 threshold, Defendant learning of the probable value of this action, can remove within 30 days.

16. Furthermore, Plaintiff Daniel Fainman contends that he "suffered terrible physical injury, mental anguish, has been unable to sleep, has been subjected to physical pain as a result of being unable to sleep and has been unable to participate in the majority of his daily activities. Because Plaintiff suffered physical injury, mental anguish and a traumatic emotional injury . . . he has been deprived of the ability to provide services in interstate or foreign commerce and earn income. In addition, Plaintiff, DANIEL FAINMAN, suffered mental anguish and pain and suffering, for which, it will require physical rehabilitation and psychological treatment for the rest of his life, to deal with the various traumas associated with his injuries . . . ." In addition, Plaintiffs allege that Plaintiff Daniel Fainman's "health and quality of life [has been] profoundly impaired, has lost his ability to work in a meaningful way and to provide, for himself, the basic necessities that a human being requires for survival now and after" and Plaintiff 114 W. Broad St. 08332, LLC "was and is unable to do business." **Exhibit "A,"** ¶35.

17. Defendant submits that the (1) allegations in the Complaint and (2) Plaintiffs' demand of $10,000,000.00 received on May 17, 2020 and confirmed in writing on June 4, 2020, "prove that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]." Carroll v. United Air Lines, 7 F.Supp.3d 516, 521 (D.N.J. 1998).

18. Defendant reserves its rights to contest the nature and extent of liability of Plaintiffs' damages. Nevertheless, if liability is ever established, the allegation that Plaintiffs sustained severe and permanent personal injuries, if proven, may convince a trier of fact to award such injured Plaintiffs an amount in excess of $75,000.

## REMOVAL IS TIMELY

19. Pursuant to 28 U.S.C. §1446(b), which provides that a Notice of Removal shall be filed within thirty (30) days after receipt by defendant, by service or otherwise, of the initial pleading or of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, this Petition for Removal is timely filed.

20. Plaintiffs' demand was conveyed on May 17, 2020 and was confirmed in writing on June 4, 2020. This petition is being filed within 30 days of receipt of learning of the value of this matter. Further, the removal has been filed within one year of the filing of the initial pleading. Removal is thus timely.

## NOTICE

21. Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Superior Court of New Jersey, Cumberland County.

## VENUE IS PROPER

22. The United States District Court, District of New Jersey includes the county in which the state court action was pending (Cumberland County) and thus, pursuant to 28 U.S.C. §124(b)(2), venue is proper.

## RESERVATION OF DEFENSES AND RIGHTS

23. Defendant reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

24. Defendant reserves the right to amend or supplement this Petition for Removal.

25. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**THEREFORE**, all parties to the Civil Action pending in the Superior Court of New Jersey, Cumberland County, Docket No.: CUM-L-281-20 are **HEREBY NOTIFIED** pursuant to 28 U.S.C. §1446, as follows:

Removal of the Civil Action and all claims and causes of action therein is effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. §1446.  The Civil Action is removed from the State Court to the United States District Court, District of New Jersey. The parties to the Civil Action shall proceed no further in the State Court.

**WHEREFORE**, Defendant HOME DEPOT U.S.A., INC. prays that this cause of action now pending in the Superior Court of New Jersey, Cumberland County, be removed to the United States District Court, District of New Jersey.

Dated: New York, New York
      June 11, 2020

                              LEWIS BRISBOIS BISGAARD & SMITH, LLP

                              By: *Michael Giacopelli*
                              Michael N. Giacopelli