Joseph Rakofsky, Esq.
J.A. Rakofsky
Injury & Accident Law, LLC
P.O. Box 32250
Newark, NJ 07102
Tel. (888) 977-0090
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DANIEL FAINMAN,**<br>**114 W. BROAD ST. 08332, LLC**<br><br>                              *Plaintiffs*<br><br>-against-<br><br>**THE HOME DEPOT, INC.,**<br>**JOHN DOES "A"-"C"**<br><br>                *Third-Party Defendants*. | **PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>CIVIL ACTION<br><br>Docket No. 1:20-cv-07113-RBK-AMD |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

COMES THIS DAY, Daniel Fainman and 114 W. Broad St. 08332, LLC ("Plaintiffs") by and through their attorney, Joseph Rakofsky, Esq., hereby move for leave to file an Amended Complaint. In Support hereof, Plaintiffs respectfully represent as follows:

**STANDARD OF REVIEW**

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading "once as a matter of course at any time before a responsive pleading is served." A motion to dismiss for failure to state a claim must be made "before pleading if a further pleading is permitted." Fed.R.Civ.P. 12(b). Thus, in the typical case in which a defendant asserts the defense of failure to state a claim by motion, the plaintiff may amend the complaint once "as a matter of course" without

leave of court. *See* 2 James Wm. Moore et al., *Moore's Federal Practice §* 12.34[5], at 12-76 (3d ed.1999) (quoting Fed.R.Civ.P. 15(a)).

After amending once or after an answer has been filed, the plaintiff may amend only with leave of court or the written consent of the opposing party, but "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court has instructed that although "the grant or denial of an opportunity to amend is within the discretion of the District Court, . . . outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

"Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997) *("Burlington"); Lorenz v. CSX Corp.,* 1 F.3d 1406, 1413-14 (3d Cir.1993). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Burlington,* 114 F.3d at 1434.

In assessing "futility," the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Id.;* 3 *Moore's Federal Practice, supra §* 15.15[3], at 15-47 to -48 (3d ed.2000). Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency.

In *Darr v. Wolfe,* 767 F.2d 79 (3d Cir.1985), we stated:

> [T]his court has consistently held that when an individual has filed a complaint under § 1983 which is dismissable [sic] for lack of factual specificity, he should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint and that denial of an application for leave to amend under these circumstances is an abuse of discretion. *Darr,* 767 F.2d at 81.

When the rules set forth above are applied to the instant matter, the District Court should enter an order granting Plaintiffs' leave to amend, order their proposed Amended Complaint (see **Exhibit B**) filed and remand the instant matter to State Court because the attached proposed Amended Complaint identifies Defendants, who were previously unknown and were, therefore, identified in the original Complaint as "John Does A-C." Now, in addition to discovering their respective identities, their respective residences, are both known to be located in the State of New Jersey. This fact, of course, eliminates any possibility of Diversity Jurisdiction, due to the fact that both of the Plaintiffs are also New Jersey residents. Last, Plaintiffs' Amended Complaint is not futile, sought for undue delay, made in bad faith or borne of a dilatory motive.

### **DEFENDANTS' REMOVAL OF THE INSTANT MATTER TO THIS HONORABLE COURT IS IMPROPER BECAUSE OF DEFENDANTS' FAILURE TO SATISFY THE REQUIREMENTS OF DIVERSITY JURISDICTION AND SUBJECT-MATTER JURISDICTION; ACCORDINGLY, THE INSTANT MATTER MUST BE REMANDED TO AND ADJUDICATED IN STATE COURT**

Diversity jurisdiction is one of two methods for a federal court to have federal subject-matter jurisdiction over a case. In 28 U.S. Code § 1332, it is provided that, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - 1) citizens of different States…

When diversity jurisdiction exists, a defendant may remove an action from state court to federal court by filing a notice of removal. However, federal courts are of limited jurisdiction. *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). A strong presumption against federal-court jurisdiction requires clear evidence to the contrary. *Boghozian v. Jaguar Land Rover N. Am., LLC*, Case No. CV 19-2729-JFW(PLAx), 2019 WL 1925491, at *1 (C.D. Cal. Apr. 29, 2019).

Because subject matter jurisdiction refers to the tribunal's power to hear a case, *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67 (2009), this court must address a subject-matter motion before other substantive motions to avoid a court without jurisdiction prematurely dismissing a case with prejudice. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); see also *McCasland v. City of Castroville*, 478 Fed. Appx. 860, 860-61 (5th Cir. 2012) (vacating Rule 12(b)(6) dismissal because district court failed to first address Rule 12(b)(1) motion).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). Accordingly, "[t]he Due Process Clause of the Fourteenth Amendment sets the outer boundaries of [New Jersey's] authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011).

In order for a court to exercise personal jurisdiction over an out-of-state defendant, due process requires that the defendant have "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)).

When viewing the Defendants' Answer on its face, it sets forth no facts, whatsoever, which would permit the instant matter to remain in this Honorable Court. While the amount in controversy in the instant matter exceeds that of $75,000, at least two of the three named Defendants are New Jersey residents.

Here, both of the named individual Defendants in the proposed Amended Complaint (*i.e.*, Rashon Durham and Maurice Durham) reside in the State of New Jersey. (See **Exhibit A**.) Because

both Plaintiffs are also New Jersey residents, there can be no Diversity Jurisdiction. Thus, this Honorable Court lacks the jurisdiction to adjudicate the instant matter.

## CONCLUSION

Plaintiffs' proposed Amended Complaint is not futile, sought for undue delay, made in bad faith or borne of a dilatory motive, and the opposition can show no legitimate prejudice by the filing of the proposed Amended Complaint.

**WHEREFORE**, for the foregoing reasons, Plaintiffs, hereby move this Honorable Court to enter an Order granting them leave to file their attached proposed Amended Complaint and remanding the instant matter back to the State Court, or, in the alternative, granting the opposition 21 days to file a responsive pleading, or that this Court will allow and provide an oral hearing on the same prior to any adverse ruling.

Respectfully Submitted,

Dated: July 13, 2020      **/s: Joseph Rakofsky/**
Joseph Rakofsky, Esq.
*Attorney for Plaintiffs*

## **CERTIFICATION**

I am aware of another case arising out of the facts stated herein and another matter which may be brought as a result of the facts stated herein.


Dated: July 13, 2020                                     **/Joseph Rakofsky/**
                                                        Joseph Rakofsky, Esq.
                                                        *Attorney for Plaintiffs*